UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**N2N COMMERCE, INC.,**            Chapter 7
Alleged Debtor                     Case No. 09-16581-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

Upon consideration of 1) the Involuntary Petition filed by NaviSite, Inc., TIBCO Software, Inc. and Optaros, Inc. (the "petitioning creditors") against N2N Commerce, Inc. ("N2N" or the "Alleged Debtor"); 2) the record of proceedings in the previous Chapter 7 case filed by Joseph F. Finn, Jr., the Assignee (the "Assignee") for the Benefit of the Creditors of N2N (Case No. 09-10246-JNF), on behalf of N2N, which case the Court dismissed on May 1, 2009, see In re N2N Commerce, Inc., 405 B.R. 34 (Bankr. D. Mass. 2009); 3) the Motion to Dismiss Involuntary Case filed by Lawrence Bohn ("Bohn"), Joel Cutler ("Cutler"), Sharen Turney ("Turney"), Martyn Redgrave ("Redgrave"), Ruben Pinchanski ("Pinchanski"), Stephen Asbaty ("Asbaty"), Wendy LaHaye ("LaHaye") and Mark Delcher ("Delcher")(collectively the "Movants");[1] 4) the Memorandum filed by the Movants in

---

[1] According to Movants,

N2N's initial investors were General Catalyst Group IV, L.P. and General Catalyst Entrepreneurs Fund IV, L.P. (together, "General Catalyst"), and L.B.I. Holdings, Inc. ("LBI"), a subsidiary of Ohio retailer Limited Brands, Inc. ("Limited Brands"). LBI had two designees on N2N's Board—Movants Redgrave and Turney. General Catalyst also had two designees—Movants Bohn and Cutler. The fifth director was Movant Pinchanski, N2N's Chief Executive Officer. Movants Asbaty and LaHaye

1

conjunction with their Motion to Dismiss Involuntary Case in which they argue that this Court lacks jurisdiction to retain the involuntary case because the petitioning creditors do not hold claims against N2N (or, alternatively, their claims are contingent and disputed), that the petitioning creditors should be estopped from pursuing the involuntary case, that dismissal under 11 U.S.C. § 305a)(1)[2] is warranted because Chapter 7 relief is unnecessary to protect creditors and serves no purpose, that the involuntary petition is a misguided attempt at forum shopping and contravenes bankruptcy policy favoring assignments which precede the petition by more than four months, and that the case should be dismissed under 11 U.S.C. § 707(b); 5) the Objection to the Motion to Dismiss Involuntary Case filed by NaviSite, Inc. and Optaros, Inc., in which they state that they represent in excess of 48% of the claims against the Debtor, that dismissal of the involuntary case is not in the best interest of all creditors, the Debtor's estate and parties in interest, and that all the former officers and directors of N2N, including all but one of the Movants, have resigned, have no authority to act on behalf of the Alleged Debtor, and are not creditors;

---

were N2N officers, and Movant Delcher was an N2N employee.

[2] Section 305(a)(1) provides:

(a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if-
    (1) the interests of creditors and the debtor would be better served by such dismissal or suspension . . . .

11 U.S.C. § 305(a)(1).

6) Movants' Reply to Petitioning Creditors' Objection to Motion to Dismiss Involuntary Case; 7) the Declaration of Gail M. Stern in Support of Motion to Dismiss Involuntary Case; 8) the absence of any objection to the involuntary petition filed by the Assignee; and 9) the representations and arguments made at the October 7, 2009 hearing on the Motion to Dismiss Involuntary Case, the Court shall enter an order denying the Motion to Dismiss Involuntary Case.

In In re N2N Commerce, Inc., this Court discussed the concept of standing, stating:

> The issue of standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). To have standing to bring an appeal from a final bankruptcy court order, an appellant must be a "person aggrieved." Spenlinhauer v. O'Donnell, 261 F.3d 113, 117 (1st Cir.2001). As such, standing exists only where the order "directly and adversely affects an appellant's pecuniary interests." Id., at 117-18 (citation omitted). A party's pecuniary interests are affected if the order diminishes the appealing party's property, increases its burdens, or detrimentally affects its rights. Kehoe v. Schindler (In re Kehoe), 221 B.R. 285, 287 (1st Cir. BAP 1998).

N2N Commerce, Inc., 405 B.R. at 39 (citing In re High Voltage Eng'g Corp., 397 B.R. 579, 597 (Bankr. D. Mass. 2008), aff'd, 403 B.R. 163 (D. Mass. 2009), and In re Murphy, 288 B.R. 1, 4 (D. Me.2002)). The Court concluded:

> Under this broad definition of standing, this Court finds that Movants' rights will be affected if the bankruptcy case remains in this Court and the Assignee proceeds with litigation against them. Accordingly, they have standing as persons aggrieved to seek dismissal.

405 B.R. at 39.

The issue of whether Movants have standing with respect to their Motion to Dismiss

3

Involuntary Case is different than the issue presented in the voluntary Chapter 7 petition filed by the Assignee. Because the Movants have not and may not be sued by a Chapter 7 trustee following the entry of an order for relief, the Movants are not at this juncture "persons aggrieved." Unlike the circumstance presented by the Chapter 7 petition filed by the Assignee, the involuntary petition was commenced by creditors. While the Movants argue that the petitioning creditors should be estopped because of their execution of the Assignment for the Benefit of Creditors, citing, *inter ailia*, Moulton v. Coburn, 131 F. 201 (1st Cir. 1904), *cert. denied*, 196 U.S. 640 (1905), the petitioning creditors are not parties to the litigation commenced by the Assignee in the Massachusetts Superior Court or the declaratory judgment action commenced by Movants in the Court of Chancery for the State of Delaware.[3]

---

[3] In In re N2N Commerce, Inc., the Court found as follows:

On December 17, 2008, following the liquidation of the assets of N2N, Finn commenced an action in Massachusetts Superior Court Department of the Trial Court against Pinchanski, Asbaty, LaHaye, and Delcher. Pursuant to his four-count complaint, Finn sought the avoidance of allegedly fraudulent transfers under the Massachusetts version of the Fraudulent Transfer Act, *see* Mass. Gen. Laws ch. 109A, §§ 5 and 6, with respect to bonuses, severance payments, and other expenditures made to or authorized by them, in August of 2007 and December 2007 while N2N was undercapitalized and insolvent. *See* Finn v. Asbaty, Civ. Action No. 08-5575-BLS.

On January 5, 2009, approximately one week before the commencement of the bankruptcy case, Movants commenced a three-count declaratory judgment action in the Court of Chancery for the State of Delaware, *see* Pinchanski v. Finn, Civil Action No. 4266-CC, seeking declarations that, as officers and directors of N2N, they did not breach their fiduciary duties under Delaware law, that they did not commit waste of corporate assets,

4

Section 303 of the Bankruptcy Code provides in relevant part the following:

> (b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title-
>
> > (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $13,475 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;
>
> ***
>
> (d) The debtor, or a general partner in a partnership debtor that did not join in the petition, may file an answer to a petition under this section.

11 U.S.C. § 303(b), (d). The court in In re MarketXT Holdings Corp., 347 B.R. 156 (Bankr. S.D.N.Y. 2006), recently construed the language of the section 303. It stated:

> [T]the sufficiency of an involuntary petition may only be challenged by the debtor and not by creditors or third parties.... As ... BDC 56 LLC [Key Mech, Inc. v. BDC 56 LLC (In re BDC 56 LLC), 330 F.3d 111, 118 (2d Cir. 2003)] recognizes, a petition may be controverted by defenses that are based on matters such as the nature and amount of the petitioning creditors' claims. *See* 2 Collier on Bankruptcy ¶ 303.10[4] (15th ed. rev.2006). Section 303(d) of the Bankruptcy Code provides, however, that only "[t]he debtor, or a general partner in a partnership debtor that did not join in the petition, may file an answer to a petition under this section." *See* Fed. R. Bankr. P. 1011(a). A "creditor is not authorized to contest an involuntary petition because a creditor may have an incentive to protect a preference or to gain some unfair advantage [at] the expense of other creditors." In re Westerleigh Dev. Corp., 141 B.R. 38, 40 (Bankr. S.D.N.Y. 1992); In re New Era Co., 115 B.R. 41, 45 (Bankr. S.D.N.Y. 1990), *aff'd*, 125 B.R. 725 (S.D.N.Y. 1991) (citing cases).

---

and that they are not liable for any fraud.

405 B.R. at 37.

5

347 B.R. at 160. *See also* In re Ceiling Fan Distrib., Inc., 37 B.R. 701, 702 (Bankr. M.D. La. 1983) ("There is no authority for a stockholder (or anyone else) to answer the petition."). *But see* In re Oakland Popcorn Supply, Inc., 213 F.Supp. 665, 667 (D. C. Cal. 1963) ("While it is true that stockholders of a bankrupt corporation have no statutory right to contest an involuntary petition, it is within the discretion of the bankruptcy court to permit them to do so."). The court in MarketXT Holdings Corp. added:

> Calling one requirement "jurisdictional" is no justification for invalidating another part of the same statute. The predecessor to § 303(d) was added to the Bankruptcy Act in the 1938 amendments, and the Second Circuit affirmed its application as written as early as 1940. *See* In re Carden, 118 F.2d 677, 679 (2d Cir.1941). In Canute S.S. Co. v. Pittsburgh & West Virginia Coal Co., 263 U.S. 244, 44 S.Ct. 67, 68 L.Ed. 287 (1923), it was argued that the requirements of § 59b of the Bankruptcy Act that an involuntary petition be filed by three creditors with provable claims was "jurisdictional" and could not be cured by the joinder of additional petitioners more than four months after the commission of an act of bankruptcy. The Supreme Court held that focus on the requirements of § 59b alone "fails to give due weight to the plain provisions of Section 59f supplementing and modifying the provisions of Section 59b." 263 U.S. at 248, 44 S.Ct. 67. (Section 59f provided for the joinder of additional petitioners "at any time.") The Court added, "the filing of a petition, sufficient upon its face . . . clearly gives the bankruptcy court jurisdiction of the proceeding." Id. (citation omitted). . . .

347 B.R. at 160-61.[4] The court also relied upon the Fed. R. Bankr. P. 1011 and the 1983

---

[4] In Trusted Net Media Holdings, LLC v. The Morrison Agency (In re Trusted Net Media Holdings, LLC), 550 F.3d 1035 (11th Cir. 2008), the United States Court of Appeals for the Eight Circuit noted:

> [T]he circuit courts are split on whether the requirements of § 303(b) must be satisfied to convey subject matter jurisdiction over an involuntary case upon the bankruptcy court or whether, instead, they are merely "substantive matters which must be proved or waived for petitioning creditors to prevail in involuntary proceedings." Rubin v. Belo Broad. Corp. (In re Rubin), 769 F.2d 611, 614 n. 3 (9th Cir.1985). In other words,

Advisory Committee Note to that rule. It concluded that "There is no cause to extend <u>BDC 56 LLC</u> and allow creditors who seek to gain a special advantage to seize on the word 'jurisdiction' and, in direct contravention of § 303(d) and § 303(h) of the Bankruptcy Code, interrupt the administration of an estate with 'jurisdictional' motions." 347 B.R. at 162.

In view of the decisions set forth above, the Court finds that Movants lack standing to seek dismissal of the involuntary case. Further, the Court finds that the appointment of a Chapter 7 trustee is in the best interests of creditors. Accordingly, the Court shall enter an order denying their Motion to Dismiss Involuntary Case and entering the order for relief.

By the Court,

*[signature]*

Joan N. Feeney
Dated: October 14, 2009                United States Bankruptcy Judge
cc: Michael J. Pappone, Esq., John G. Loughnane, Esq., D. Ethan Jeffery, Esq., Mark T. Power, Esq., U.S. Trustee

---

do the commencement requirements of § 303(b) in Title 11 address the jurisdictional power of the court to hear an involuntary case, or does Title 28 contain the jurisdictional grant and do § 303(b)'s requirements simply constitute elements that must be established to sustain an involuntary proceeding?

550 F.3d at 1040-41. The court added that most courts conclude that section 303's filing requirements are not subject matter jurisdictional, <u>id.</u> at 1041, although it recognized that the Second Circuit in <u>In re BDC 56 LLC</u>, 330 F.3d 111, 118 (2nd Cir. 2003), adopted the minority view. The Eighth Circuit determined that section 303(b) does not implicate subject matter jurisdiction and thus its requirements can be waived. 550 F.3d at 1046. <u>See also</u> <u>In re McIsaac</u>, 19 B.R. 391, 397 (Bankr. D. Mass. 1982) (citing <u>In re Nat'l Republic Co.</u>, 109 F.2d 167 (7th Cir. 1940), <i>cert denied,</i> <u>Arbetman v. Reconstruction Fin. Corp.</u>, 309 U.S. 671 (1940)).

7